## COMMONWEALTH *vs.* BRIDGET GILL.

If the defendant on his trial submits to the court the question whether a name proved is *idem sonans* with that alleged in the complaint or indictment, and does not ask or claim to have this question submitted to the jury, and it does not appear how the two names are pronounced, this court cannot, on exceptions, revise the determination of the court below.

COMPLAINT on *St.* 1855, *c.* 215, § 15, for unlawful sales of intoxicating liquor to Johanna Klune. At the trial in the superior court in Norfolk, at September term 1859, before *Rockwell,* J., the person to whom the sales were made testified that her name was Cluin. The defendant objected that there was a variance. But the court ruled that there was no variance, and the defendant, being convicted, alleged exceptions.

*P. R. Guiney,* for the defendant.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

BIGELOW, J. It is impossible for this court to determine whether there was a variance between the name of the person to whom the liquor is alleged to have been sold, as laid in the indictment and as proved at the trial. Difference in the mode of spelling a proper name does not necessarily show a variance. Archb. Crim. Pl. (10th ed.) 101. *Rex* v. *Foster,* Russ. & Ry. 412. The question often depends on pronunciation, and can only be determined by hearing the name spoken. So it was in the present case; and we have no means of ascertaining whether it was rightly determined or not.

It does not appear that the defendant asked that the jury might pass on the question of variance. It was decided by the court as a matter of law. If the defendant had a right to submit to the jury, as a question of fact, whether the name proved was *idem sonans* with that laid in the indictment, she should have claimed her right on the trial. By omitting to do so, she waived all claim to insist on the objection now.

*Exceptions overruled.*